IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES LEWIS,  §  <br> Petitioner,  § <br> § <br> v.  § <br> § <br> UNITED STATES OF AMERICA,  § <br> Respondent.  § | No. 3:18-cv-2306-N (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner James Lewis, a federal prisoner currently incarcerated at the Federal Medical Center in Fort Worth, Texas, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss the petition without prejudice for failure to exhaust administrative remedies.

I.

Petitioner challenges the Bureau of Prisons's ("BOP") calculation of his time credits. He has both state and federal convictions and was transferred from state custody to federal custody when he pleaded guilty to his federal

1

charge. He was then transferred back to state custody. After he was paroled from his state convictions, he began serving his federal sentence.

In his original petition, he claimed BOP failed to grant him time credits of 397 days from January 23, 2013 to February 24, 2014. The government responded that it reviewed Petitioner's claims and has now granted him time credit of 272 days from June 15, 2013 to March 13, 2014. Petitioner filed a reply stating that his calculations in his original petition were incorrect, and he has now determined that in addition to the 272 days the government has credited him, he is entitled to an additional 264 days of credit. The government argues his petition should be dismissed for failure to exhaust administrative remedies, and that the petition is without merit.

II.

Generally, petitioners seeking relief under § 2241 must exhaust their administrative remedies prior to presenting their claims in federal court. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The BOP has established an Administrative Remedy Program whereby inmates can "seek formal review of an issue which relates to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). A prisoner must present his claim to the prison warden and appeal any adverse decision to the BOP Regional Director and General Counsel. *Id*. § 542.15(a).

2

Exceptions to the exhaustion doctrine are appropriate where "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Montano v. State*, 867 F.3d 540, 543 (5th Cir. 2017) (quoting *Fuller v. Rich*, 11 F.3d at 62). These exceptions, however, apply only in extraordinary circumstances. *Broderick v. Chapman*, 364 F. App'x 111, 112 (5th Cir. 2010). Petitioner bears the burden of establishing his entitlement to one or more of these exceptions. *Id*.

While conceding that he has not exhausted his administrative remedies, Petitioner argues exhaustion would be futile because the BOP has already admitted that its calculations were incorrect. Petitioner, however, has failed to show that he ever presented the new claims that he raises in his reply to the BOP. If the BOP has erroneously calculated Petitioner's time credits, it has authority to correct that error. *See Cartwright v. Outlaw,* 293 F. App'x 324, *1 (5th Cir. 2008) (per curiam) (citing *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991)) ("If an agency has offered to reexamine its decision it should be permitted to do so."). The Court finds that Petitioner has not established any exception to the exhaustion requirement and that the petition should be dismissed.

III.

For the foregoing reasons, Petitioner's habeas corpus petition under 28 U.S.C. § 2241 should be dismissed without prejudice for failure to exhaust administrative remedies.

Signed April 8, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).