IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES LEWIS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:18-cv-2306-N (BT) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner James Lewis, an inmate in the Federal Medical Center in Fort Worth, Texas, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, the petition should be denied.

I.

On March 6, 2008, Petitioner was convicted on drug charges in state court and sentenced to a 15-year term of imprisonment. (ECF No. 15-1 at 9.) Four-and-a-half years later, he was released on parole. (*Id.* at 20.) On January 23, 2013, while still on parole, Petitioner was arrested in Dallas County for possession with intent to distribute a controlled substance. (*Id.* at 22.) The state issued a parole revocation warrant for the parole term in his earlier case. (*Id.* at 30.)

On May 21, 2013, Petitioner was indicted on federal drug and weapon charges related to the new state case. *See United States v. James Lewis,* No. 3:13-cr-177-N (N.D. Tex.) On June 14, 2013, pursuant to a federal writ, Petitioner was transferred to federal custody and arraigned in federal court. On February 24,

1

2014, he was sentenced in federal court to 210 months' confinement to run concurrently with any sentence imposed in the 2013 state case, and consecutively to his state parole revocation sentence. (*Id.* at 35.)

On March 14, 2014, Petitioner returned to state custody, and on March 18, 2014, he pleaded guilty to the new charge and was sentenced to 10 years' imprisonment. (*Id.* at 42.) On July 25, 2014, the state revoked Petitioner's parole in his earlier case. (*Id.* at 45.) On September 8, 2017, Petitioner was paroled on both state cases and was transferred to federal custody to serve his federal sentence. (*Id.* at 49.)

By his petition, Petitioner challenges the calculation of his time credits by the Bureau of Prisons ("BOP"). He argues the BOP failed to credit him with 264 days of time towards his sentence.[1] The Government filed its answer arguing the petition is unexhausted and without merit. On April 8, 2019, the undersigned entered Findings, Conclusions, and a Recommendation that the petition be dismissed for failure to exhaust administrative remedies on all of Petitioner's claims. Petitioner filed objections stating that he had presented all of his claims to the BOP, that the BOP denied the claims, and that any further attempt to exhaust his administrative remedies would be futile. The undersigned subsequently vacated the April 8, 2019 Findings, Conclusions, and Recommendation. Now

---

[1] Petitioner states that he previously requested 536 days of good time credits from the BOP, and the BOP credited him 272 days. Thus, his claim here is for the alleged balance of the 264 days.

having reconsidered Petitioner's claims in view of his objections, the undersigned

recommends that the petition be denied.

II.

### 1.    Exhaustion

Generally, petitioners seeking relief under § 2241 must exhaust their

administrative remedies prior to presenting their claims in federal court. *Fuller v.*

*Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The BOP has established an Administrative

Remedy Program whereby inmates can "seek formal review of an issue which

relates to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). A

prisoner must present his claim to the prison warden and appeal any adverse

decision to the BOP Regional Director and General Counsel. *Id.* § 542.15(a).

Exceptions to the exhaustion doctrine are appropriate where "the available

administrative remedies either are unavailable or wholly inappropriate to the relief

sought, or where the attempt to exhaust such remedies would itself be a patently

futile course of action." *Montano v. State*, 867 F.3d 540, 543 (5th Cir. 2017)

(quoting *Fuller*, 11 F.3d at 62).

While conceding that he has not exhausted his administrative remedies,

Petitioner argues exhaustion would be futile because the BOP has already

determined he is not entitled to the 264 days of time credits that he currently seeks.

Because Petitioner states he has presented his current claims to the BOP, and the

BOP has denied the claims, the Court should not dismiss his claims for failure to

exhaust administrative remedies.

3

## 2.    Time Credits

Petitioner argues the BOP has failed to properly credit him with 264 days of time credit.

### (a)    January 23, 2013 through June 14, 2013

Petitioner first contends that he is entitled to time credit of 143 days from January 23, 2013 through June 14, 2013, when he was held in the Dallas County Jail on a federal detainer. The record shows, however, that his state sentence was credited with this time. (*See* ECF No. 15-1 at 42.) Under 18 U.S.C. § 3585(b), pre-sentence time credits that were credited against Petitioner's state sentence are not eligible to also be counted towards Petitioner's federal sentence:

> **Credit for prior custody.** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> **(1)** as a result of the offense for which the sentence was imposed; or
>>
>> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added). Because Petitioner received time credit on this state sentence, he was not eligible to received pre-trial credit towards his federal sentence for this time.

Petitioner also argues he is entitled to credit on his federal sentence while he was incarcerated in the Dallas County Jail because he was subject to a federal

detainer, and later, a federal writ. However, "[w]hen a prisoner is transferred from state to federal custody pursuant to a writ of habeas corpus *ad prosequendum*, the transfer is "only a 'loan' of the prisoner" to the federal jurisdiction such that primary custody remains with the state." *Richardson v. Outlaw*, 274 F. App'x 353, 353-54 (5th Cir. 2008) (per curiam) (citing *Causey v. Civiletti,* 621 F.2d 691, 693 (5th Cir. 1980); *Causey*, 621 F.2d at 693-94 (holding state court does not lose primary jurisdiction when federal court issues a detainer or a writ of habeas corpus ad prosequendum). Petitioner's claim is therefore without merit.

### (b)    March 13, 2014 through July 25, 2014

Next, Petitioner argues he is entitled to 127 days of time credit from March 13, 2014 through July 25, 2014, because he was in the exclusive custody of the United States Marshal.[2] It is unclear if Petitioner contends he was held at Seagoville FCI during this time or was simply under exclusive federal custody. Either claim, however, is without merit.

Petitioner received credit towards his federal sentence for March 13, 2014. (ECF No. 15-1 at 53.) On March 14, 2014, he was transferred to state custody, and on March 18, 2014, he was sentenced in his 2013 state case and began serving his state sentence. (ECF No. 15-1 at 42.) Petitioner received credit on his state sentence from March 14, 2014 to March 18, 2014. (*Id.*)

---

[2] Although Petitioner states he is seeking 127 days of time credit, there are 135 days from March 13, 2014 through July 25, 2014.

To the extent Petitioner claims he was held in FCI Seagoville until July 25, 2014, his claim fails. Petitioner cites the State's July 25, 2014, revocation notice which lists his holding facility as Seagoville FCI to argue he was in federal custody. (ECF No. 15-1 at 45.) This revocation notice, however, fails to establish he was incarcerated in FCI Seagoville after March 13, 2014. First, the record shows—and Petitioner does not dispute—that he was present in state court for his March 18, 2014, sentencing. (*Id.* at 42.) Additionally, the docket in Petitioner's federal case shows that a court order mailed to Petitioner at FCI Seagoville on March 18, 2014, was returned to the court on March 28, 2014, because Petitioner was no longer incarcerated in Seagoville FCI. *See United States v. Lewis*, No. 13-cr-177-N (ECF Nos. 50, 51.) Finally, the record shows that on June 23, 2014, Petitioner's appellate counsel mailed a copy of the appellate brief to Petitioner at his TDCJ address. *United States v. Lewis*, No. 3:13-cr-177-N (ECF No. 62 at 41.) Petitioner has failed to establish he was incarcerated at FCI Seagoville after March 13, 2014.

Additionally, as discussed above, Petitioner's transfer from state custody to federal custody during the pendency of his federal charges did not transfer primary custody to the federal court. *See Causey*, 621 F.2d at 693. Petitioner's claim should be denied.[3]

---

[3] It is unclear if Petitioner is also alleging he is entitled to federal credits from March 13, 2014 through July 25, 2014, because the district court stated his federal sentence should run concurrently with his state sentence. "Where a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v.*

**(c)     September 8, 2017 through September 26, 2017**

Finally, Petitioner seeks time on his federal sentence from September 8, 2017, through September 26, 2017. He argues that after he was paroled on his state sentences, he entered federal custody on September 8, 2017, but BOP did not start crediting his federal sentence until September 26, 2017. The record shows, however, that BOP credited Petitioner's federal sentence starting from September 8, 2017. (ECF No. 15-1 at 53.) This claim is without merit.

## III.

For the foregoing reasons, the Court recommends that the petition for writ of habeas corpus under 28 U.S.C. § 2241 be denied.

Signed May 20, 2019.

_____

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

*Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (per curiam) (citing *Barden v. Keohane*, 921 F.2d 476, 480 (3d Cir. 1990)). Petitioner, however, has not alleged that he requested a nunc pro tunc designation for his state time. The Fifth Circuit has held that until the BOP has ruled on a request for nunc pro tunc designation, an inmate's claim is not ripe for review. *Pierce*, 614 F.3d at 160.

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).